# In the United States Court of Federal Claims

No. 25-2183
Filed: April 23, 2026
**CORRECTED**

|  |  |
|---|---|
| KHALIF QURAN, | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

## ORDER

Plaintiff Khalif Quran, proceeding pro se, filed this action that, although unclear, appears to seek the review of a criminal case against him. *See* ECF No. 1 at 5–8.[1] Much of the complaint is also based on Plaintiff's understanding of equity and maritime law, neither of which have any application to a claim against the United States for monetary damages. When reviewing Plaintiff's motion to proceed in forma pauperis, the court struggled to find any basis for its jurisdiction to hear this case. Because the complaint was not clear, the court ordered Plaintiff to show cause why the court should not dismiss this case for lack of subject-matter jurisdiction. ECF No. 5. Plaintiff's response confirms that this court lacks subject-matter jurisdiction to hear this case.

## I.      Standard of Review

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). This court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this court has subject-matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The Tucker Act limits the court's jurisdiction only to money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the

---

[1] Because the complaint does not contain numbered paragraphs, the court cites to the pagination in the ECF header.

Federal Government." *United States v. Navajo Nation*, 556 US 287, 290 (2009) (internal quotation marks and citation omitted). If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

## II.    Discussion

Plaintiff's response to the court's show cause order does not address the defects with his complaint. Rather, it confirms that this court lacks jurisdiction and that his claim is frivolous.

As the court explained in the order to show cause, it is not clear from the complaint what money-mandating source of law Plaintiff contends provides this court with jurisdiction. Plaintiff appears to assert a few. He does list a series of criminal statutes that he believes entitle him to various amounts of compensation. ECF No. 1 at 11. But this court lacks jurisdiction to adjudicate claims under the federal criminal code. *See, e.g.*, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Similarly unavailing is Plaintiff's assertions, common among sovereign citizens, that he has a trust relationship with the United States based on his birth certificate and/or the issuance of his driver's license. ECF No. 1 at 1, 6. There is nothing about the issuance of either document that creates a trust relationship with the United States. *See, e.g.*, *Basey v. United States*, No. 22-533C, 2022 WL 3590265, at *2–3 (Fed. Cl. Aug. 23, 2022); *Gravatt v. United States*, 100 Fed. Cl. 279, 286 (2011). Nor does Plaintiff appear to allege any contract with the United States. Rather, he appears to disclaim any contract existed. *See* ECF No. 1 at 4 (asserting that the plaintiff, "with his unlimited power to contract[,] has not knowingly, willingly, intentionally or voluntarily contracted with the artificial persons: United States or State of Florida . . ."); *see also* ECF No. 1 at 6.

The only thing that is clear is that Plaintiff is challenging the outcome of the criminal case that resulted in his incarceration. *See* ECF No. 1 at 3–6. Several paragraphs begin with the words "[t]he court failed . . . ." *Id*. at 6. It is unclear what court this case is from, but the fact that Plaintiff is in a Florida state prison—the Holmes Correctional Institution, *see* ECF No. 1-2— indicates that he was prosecuted in state court. His response to the show cause order confirms this when stating that the relief sought is the immediate discharge of Plaintiff's criminal case. ECF No. 21 at 9. In the end, this court lacks jurisdiction to collaterally review the decisions of state courts or other federal courts. *Hawkins v. United States*, 162 Fed. Cl. 617, 618 (2022) (collecting cases). If Plaintiff believes that the court in Case No. 2023300136CFOB got something wrong, his relief (if any) is through the appellate process, not through a claim in this court.

Similarly, Plaintiff has filed three separate filings seeking his release from prison. In his complaint, the relief sought includes the "Discharge/extinguishment of all charges attached to case no. 2023300136CFDB." ECF No. 1 at 8. Similarly, in his response to the show cause order, Plaintiff seeks the "Immediate discharge; of docket no. 2023300136CFdb." ECF No. 21 at 9. And he since filed a "Motion to Vacate Sentence" in which he again seeks his "immediate discharge." ECF No. 22 at 6. As the court explained in its show cause order, this court lacks the authority to grant such relief. Put simply, this court lacks jurisdiction over criminal matters.

2

*Braho v. Not Identified*, 99 Fed. Cl. 355, 362 (2011) (collecting cases).  And because Plaintiff is incarcerated in state prison, he cannot bring an unjust conviction claim in this court under 28 U.S.C. §§ 1495, 2513 for at least two reasons.  First, his continued incarceration means that he could not get a certificate of innocence, which would be required to bring an unjust conviction claim.  *See, e.g.*, *Brewer v. United States*, No. 2021-1872, 2023 WL 2233717, at *2 (Fed. Cir. Feb. 27, 2023).  In fact, he admits to violating the law, meaning that he is not innocent of the crime with which he was charged.  ECF No. 1 at 4 ("I broke the letter of the law but I didn't break the substance of the law . . . .").  Second, given that he was convicted of a state crime, the unjust conviction statute does not apply because it only applies to federal crimes—i.e., "an offense against the United States."  *Gibson v. United States*, 161 Fed. Cl. 249, 253 (2022) (quoting 28 U.S.C. § 1495).

Plaintiff also makes some allusions to proceeding under admiralty law.  ECF No. 1 at 6–7.  Putting aside the apparent inapplicability of admiralty law to this case, even if there is some connection to admiralty law, this court lacks jurisdiction to hear such a claim.  Congress gave the district courts exclusive jurisdiction over admiralty, maritime, and prize cases.  28 U.S.C. § 1333.  When Congress gives exclusive jurisdiction to the district courts over the subject matter of a case, this court lacks jurisdiction to hear such cases.  *Barksdale v. United States*, 174 Fed. Cl. 168 (2024), *aff'd,* No. 2025-1386, 2025 WL 1214725, at *178 (Fed. Cir. Apr. 28, 2025).

Finally, Plaintiff's plea to equity does not help his claim here.  Much of his complaint calls upon the court to act as a court of equity and relies in large part on England's Judicature Act of 1873.  *See, e.g.*, ECF No. 1 at 1–2, 4; *see also id*. (identifying the document as a "Bill of Equity").  This court, however, lacks general equitable jurisdiction and may only grant equitable relief under 28 U.S.C. § 1491(a) if that relief is "an incident of and collateral to any" monetary judgment.  Plaintiff, however, fails to clearly identify any basis for a monetary claim, meaning that this court cannot grant him the equitable relief that he seeks.  *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998).

## III.    Plaintiff's request to remove lien

Finally, Plaintiff has filed a notice with the court seeking to have the Clerk remove the "lien" from his inmate account.  ECF Nos. 23, 25.  The court declines to do so.  28 U.S.C. § 1915(a)(1) allows the court to grant a prisoner leave to proceed in forma pauperis.  This means that the prisoner's case may proceed "without prepayment of fees."  It does not mean that the prisoner does not have to pay the fee.  To the contrary, the law provides that "[n]otwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner *shall be required to pay the full amount of a filing fee*."  28 U.S.C. § 1915(b)(1) (emphasis added).  And the statute explains how the court is to collect, which is what the Clerk's Office is adhering to.

## IV.    Conclusion

Because Plaintiff fails to allege anything within this court's jurisdiction, the court **DENIES** Plaintiff's motion to vacate sentence, ECF No. 22, and **DISMISSES** this action for lack of subject-matter jurisdiction.  The Clerk's Office is directed to enter judgment accordingly.  No costs awarded.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith.

It is so ORDERED.

<u>s/ Edward H. Meyers</u>
Edward H. Meyers
Judge